UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL OILWELL VARCO, L.P., § | |
| § | CASE NO: 4:11-cv-03307 |
| Plaintiff, § | |
| § | Judge Keith P. Ellison |
| v. § | |
| § | |
| T3 ENERGY SERVICES, INC. § | JURY TRIAL DEMANDED |
| § | |
| Defendant. § | |

**DEFENDANT T3 ENERGY SERVICES, INC.'S MOTION TO DISMISS,
OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE ELLISON:

Defendant T3 Energy Services, Inc. ("T3") files this motion to dismiss pursuant to Rule 12(b)(6), or alternatively, for a more definite statement pursuant to Rule 12(e). Plaintiff National Oilwell Varco, L.P. ("NOV") has filed a complaint, purportedly alleging patent infringement, that neither identifies the patent claims that allegedly have been infringed nor the specific T3 products that allegedly infringe. NOV's complaint is merely a conclusory pleading that does not state a claim or provide sufficient information for which T3 can formulate an adequate response. This Court should dismiss, or order a more definite statement.

**1.    NOV's complaint contains only indefinite allegations and legal conclusions.**

NOV has filed a complaint asserting infringement of NOV's '979 patent. Ex. 1. After the statement of parties, jurisdiction, venue, and ownership of the '979 patent, the "substance" of NOV's patent infringement claim is as follows:

> Upon information and belief, Defendant has infringed and continues to infringe the '979 patent. The infringing acts of Defendant include at least the manufacture, use, sale and/or offer for sale of infringing blowout preventers, such as the blowout preventers marketed by Defendant that include the what [sic] T3

319380.3

> refers to as SAR blades. Defendant is liable for infringement of the '979 patent pursuant to 35 U.S.C. § 271.

Ex. 1, at 2, ¶ 6. NOV pleads only "upon information and belief," does not identify any claim of the '979 patent that is infringed, and at best only indefinitely identifies the allegedly infringing T3 products. NOV asserts "damages" in a similar conclusory fashion. *Id.* at 2, ¶ 7.

**2.     NOV's complaint fails to adequately state a claim, and should be dismissed pursuant to Rule 12(b)(6).**

To satisfy the pleading requirements, and avoid dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has held that a complaint has "facial plausibility"

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556–57). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires **more than labels and conclusions**, and **a formulaic recitation of the elements of a cause of action will not do**." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted) (emphasis added). The Supreme Court further has stated that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S.Ct. at 1950.

In this case, NOV's complaint does not identify which of the '979 Patent claims are allegedly infringed, nor does it specifically identify the alleged infringing products (only indefinitely stating that infringement includes but is not limited to blowout preventers with SAR blades).  In a recent and similar case where the plaintiff actually identified the patent claims allegedly infringed (doing more than NOV has done in this case), but not the products that allegedly infringed or the method of infringement (as NOV also has not done in this case), the court dismissed pursuant to Rule 12(b)(6) for failure to state a claim:

> In the Complaint, Plaintiff alleges ownership of the 243 and 506 patents, names FremantleMedia as the Defendant, and cites the portions of the 243 and 506 patents that were allegedly-infringed. Notwithstanding these details, Plaintiff fails to plead any information that identifies the infringing product or method or even the class or type of the product or method. The Complaint implies, but does not actually state, that Defendant's "electrical systems" infringed Plaintiff's patents, but provides no details about which "electrical systems" are at issue.

*Lyda v. FremantleMedia North America, Inc.*, 2011 WL 2898313, * 3 (S.D.N.Y. July 14, 2011) (attached as Ex. 2). In another recent case, where the plaintiff also only identified the infringing products by indefinite category and without describing the method of alleged infringement, the court also dismissed for failure to state a claim:

> Bender's infringement claim fails to provide a "plausible claim for relief" under *Twombly* and *Iqbal*. As discussed herein, Bender must do more than allege conclusorily the means by which Defendants are infringing on his '188 Patent and provide fair notice to Defendants of the specific infringements alleged. Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing.

*Bender v. LG Electronics USA, Inc.*, 2010 WL 889541, * 6 (N.D. Cal. March 11, 2000) (Ex. 3). Likewise, NOV fails to identify either the claims allegedly infringed or the specific products and methods of infringement.  This Court should dismiss NOV's complaint for failure to state a claim.

3

319380.3

3.   **In the alternative, T3 moves for a more definite statement identifying (a) the '979 patent claims allegedly infringed and (b) the T3 products and method of alleged infringement for those '979 patent claims.**

In the alternative, T3 respectfully requests, pursuant to Rule 12(e), that NOV be required to file an amended complaint setting forth (a) the specific '979 patent claims allegedly infringed, and (b) the T3 products and method of alleged infringement for those '979 patent claims. A motion for more definite statement is appropriate in order to prevent waste of the parties' and the Court's time and resources where NOV's cause of action does not identify the '979 patent claims allegedly infringed, the T3 products that allegedly infringe, and the manner in which the T3 products allegedly infringe. *Cf. Reynolds-Southwestern Corp. v. Dresser Indus., Inc.*, 372 F.2d 592, 594 (5th Cir. 1967) ("The complaint charged infringement in general terms only. It contained no specific allegation as to which claims of Patent 885 had been infringed or as to how infringement was committed. The first 148 pages of the printed record are consumed by numerous motions…, but we find no motion for a more definite statement under Civil Rule 12."). In this case, the Court should alternatively order a more definite statement of the substance of NOV's claims, so that T3 reasonably can file a meaningful response that will advance this case.

Respectfully submitted,

_____/s/_____
Lee Kaplan
Attorney-in-Charge
Texas Bar No. 11094400
Southern District of Texas ID No. 1840
Jeff Potts
Texas Bar No. 00784781
Southern District of Texas ID No. 16804
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana Street, Suite 2300
Houston, Texas 77002-2700
713-221-2300
713-221-2320 (facsimile)
lkaplan@skv.com
jpotts@skv.com

Gordon T. Arnold
Texas Bar No. 01342410
Southern District of Texas ID No. 12483
Arnold & Knobloch, L.L.P.
4900 Woodway, Suite 900
Houston, TX 77056
713-972-1649
713-972-1180 (facsimile)

ATTORNEYS FOR
T3 ENERGY SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2011, I electronically filed the foregoing DEFENDANT T3'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT with the Clerk of the Court by using the CM/ECF which will send an electronic notice to the following attorney:

Danny L. Williams
Williams, Morgan & Amerson, P.C.
10333 Richmond Ave., Suite 1100
Houston, Texas 77042

ATTORNEY FOR PLAINTIFF

319380.3