UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P., | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:11-cv-3307 |
| T3 ENERGY SERVICES, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss, or Alternatively, Motion for More Definite Statement (Doc. No. 7). After considering the motion, the responses thereto, and the applicable law, the Court finds that Defendant's motion must be denied.

### I. BACKGROUND[1]

Plaintiff National Oilwell Varco, L.P. ("Plaintiff" or "NOV") is a leading manufacturer of blowout preventers used in drilling and operating oil and gas wells. (Pl. Compl., ¶ 1.) Defendant T3 Energy Services, Inc. ("Defendant" or "T3") also manufactures blowout preventers.

Inventors Frank Sprigett and James Brugman were issued United States Patent Number 7,814,979, "Blowout Preventers and Methods of Use" ("the '979 patent"), in October 2010. Thereafter, all rights and interest in the '979 patent were assigned to NOV.

---

[1] For purposes of this Memorandum, the allegations in Plaintiff's Complaint (Doc. No. 1, hereinafter "Pl. Compl.") are assumed to be true.

(*Id.* ¶ 5.) Plaintiff alleges, upon information and belief, that Defendant has infringed and continues to infringe the '979 patent through "the manufacture, use, sale, and/or offer for sale of infringing blowout preventers, such as the blowout preventers marketed by defendant that include the what [sic] T3 refers to as SAR blades." (*Id.* ¶ 6.) Plaintiff further alleges that Defendant's acts of infringement caused damage to Plaintiff, and that, without an injunction from this Court, the infringement of Plaintiff's rights under the '979 patent will continue to damage Plaintiff's business, causing irreparable harm. (*Id.* ¶ 7.)

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendant argues that Plaintiff's Complaint "is merely a conclusory pleading that does not state a claim or provide sufficient information for which T3 can formulate an adequate response." (Doc. No. 7, at 1.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In a motion to dismiss for failure to state a claim, the Federal Circuit applies the law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative

2

level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but requires more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Generally, "[m]otions to dismiss under Rule 12(b)(6) are viewed

with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, Case No. H-09-2408, 2010 WL 3749298, at *7 (S.D. Tex. Sept. 21, 2010).

### III.   ANALYSIS

Defendant argues that Plaintiff's Complaint is insufficient because (1) it does not identify which of the '979 patent claims are allegedly infringed; and (2) it does not identify the allegedly infringing products. As this Court has held before, a patent infringement complaint that pleads the facts required by Form 18 of the Federal Rules of Civil Procedure ("Form 18") is sufficient to state a claim under Federal Rule of Civil Procedure 8(a). *See WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 362 (S.D. Tex. 2011). As a result, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) (citing.*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed.Cir.2000)). Form 18 provides as follows:

> 1. (Statement of Jurisdiction-See Form 7.)
>
> 2. On *date,* United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor.* The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:

      (a) a preliminary and final injunction against the continuing infringement;

      (b) an accounting for damages;

      (c) and interest and costs.

Fed. R. Civ. P. Form 18. In sum, Form 18 requires (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the system/method embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *McZeal*, 501 F.3d at 1357.

    Plaintiff's Complaint includes all five of the elements required by Form 18. The first requirement, an allegation of jurisdiction, is met by Plaintiff's allegation that the court has subject matter and personal jurisdiction.[2] (Pl. Compl. ¶ 3.) The second requirement is met by the statement that "[a]ll rights and interest in the '979 patent have been assigned to the Plaintiff." (*Id.* ¶ 5.). Plaintiff meets the third requirement in its statement that "[t]he infringing acts of Defendant include at least the manufacture, use, sale, and/or offer for sale of infringing blowout preventers, such as the blowout preventers marketed by Defendant that include the what [sic] T3 refers to as SAR blades." (*Id.* ¶ 6.) With respect to the fourth requirement, the complaint itself serves as notice under 35 U.S.C. § 287. Section 287 provides that "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter . . . . Filing of an action for infringement shall constitute such notice." 35 U.S.C. § 287(a). Finally, as to the fifth

---

[2] The Complaint states: "This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§. 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq.* The Court has personal jurisdiction over the Defendant in that the Defendant has established minimum contacts with the forum. Upon information and belief, Defendant has manufactured, leased, used, sold and/or offered for sale infringing blowout preventers in Texas, including in this judicial district. The exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice." (Pl. Compl. ¶ 3.)

requirement, Plaintiff demands an injunction and damages in its "Prayer for Relief." (*Id.* at 3.)

Though Plaintiff's Complaint meets the Form 18 requirements, it is markedly less detailed than the complaint found valid in *McZeal*. *See* 501 F.3d at 1357 n.5 (quoting portions of the plaintiff's complaint which explain in some detail how the products at issue infringed the plaintiff's patent). Defendant asserts that Plaintiff's Complaint is insufficient because it (1) fails to identify any specific claim that is infringed, and (2) fails to identify T3's infringing product. Defendant points to cases in which courts have dismissed complaints because of a plaintiff's failure to specifically plead infringing products or method of infringement. *See Lyda v. FremantleMedia North America, Inc.*, 2011 WL 2898313, at *3 (S.D.N.Y. July 14, 2011) (dismissing complaint because plaintiff failed to identify infringing product or method); *Bender v. LG Electronics USA, Inc.*, 2010 WL 889541, at *6 (N.D. Cal. March 11, 2000) (dismissing complaint because plaintiff failed to describe the method of alleged infringement).

In other districts, however, courts have reached the opposite conclusion. *See, e.g.*, *Atwater Partners of Texas, LLC v. AT&T, Inc.*, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (concluding that "there is no requirement that the complaint specify which specific claims the plaintiff is asserting," and that, as long as it meets the requirements of Form 18, a complaint "is not even required to list specific product models"); *Mark IV Indus. Corp. v. Transcore, LP.*, 2009 WL 4828661, at *3 (D. Del. Dec. 2, 2009) (holding that plaintiff did not have to plead specific claims of the patent allegedly infringed or describe how the allegedly infringing products work). While Plaintiff could have pled its claim with more specificity, and the Federal Circuit certainly could have required a more specific template, the Court ultimately concludes that, because it satisfies the

requirements of Form 18, Plaintiff's Complaint should not be dismissed. Similarly, although Plaintiff will need to adduce far more detailed allegations in the course of this litigation, the Motion for More Definite Statement must be denied.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, or Alternatively, Motion for More Definite Statement (Doc. No. 7) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 9th day of November, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE